UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

-----------------------------------------------------------------X

OSHER ROTKIN,

                Plaintiff,

  -against-

AMERICAN EXPRESS

                Defendant(s).

-----------------------------------------------------------------X

Civil Action No.:

**COMPLAINT FOR VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**

**DEMAND FOR JURY TRIAL**

## INTRODUCTION/PRELIMINARY STATEMENT

Plaintiff OSHER ROTKIN ("Plaintiff"), by and through his attorney, M. Harvey Rephen & Associates, P.C. by Edward B. Geller, Esq., P.C., Of Counsel, as and for his Complaint against the Defendant AMERICAN EXPRESS, (hereinafter referred to as Defendant(s)"), respectfully sets forth, complains and alleges, upon information and belief, the following:

## INTRODUCTION/PRELIMINARY STATEMENT

1. Plaintiff brings this action on his own behalf for damages and declaratory and injunctive relief arising from the Defendant's violation(s) under Title 47 of the United States Code, §227 commonly known as the Telephone Consumer Protection Act (TCPA).

2. Defendant is subject to, and required to abide by, the laws of

the United States and the State of New York, which include the Telephone Consumer Protection Act of 1991, 47 U.S.C. §227, et seq. ("TCPA") and its related regulations, including 47 C.F.R. §64.1200 ("TCPA Regulations"), as well as the opinions, regulations and orders issued by the Federal Communications Commission to implement and enforce the TCPA, the telemarketing regulations issued by the Federal Trade Commission, 16 C.F.R. §310.4(d)(2).

**PARTIES**

3. Plaintiff OSHER ROTKIN is a resident of the State of NEW JERSEY residing in LAKEWOOD, NJ 08701.

4. Defendant (s), AMERICAN EXPRESS has a Corporate Headquarters located at WORLD FINANCIAL CENTER NEW YORK, NY 10285.

**JURISDICTION AND VENUE**

5. The Court has jurisdiction over this matter pursuant to 28 USC §1331 and 28 U.S.C. §2201. If applicable, the Court also has pendent jurisdiction over the state law claims in this action pursuant to 28 U.S.C. §1367(a).

6. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2).

**FACTUAL ALLEGATIONS**

7. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs

numbered "1" through "6" herein with the same force and effect as if the same were set forth at length herein.

8. On or about July 12th 2016, Defendant began communicating with the Plaintiff by placing automated calls and texts to his cell phone numbers of 848-238-4970 and 848-238-4973.

9. On August 3rd 2016 the Plaintiff called into the Defendant and connected with a representative. The Plaintiff gave the representative his name and card number to access his account.

10. The representative gave a rundown of the information on the account and the Plaintiff asked if it was his wife's account. The representative stated he was not sure and asked for the Plaintiff's name again. Then the representative asked if the Plaintiff's wife was available to speak with.

11. The Plaintiff then stated he did not want to be contacted by auto dialer or text.

12. The representative asked if the Plaintiff's wife just received a call and the Plaintiff said yes. The representative suggested that maybe the Plaintiff's phone numbers were on his wife's account and asked him to verify the numbers.

13. The Plaintiff gave the representative his numbers and the representative confirmed they were on the account.

14. The representative stated in order for them to be changed or deleted they would need permission from the Plaintiff's wife or he could go on line if he knew her password and username to amex.com and change it there.

15 The Plaintiff stated again that he would like the phone calls and texts to stop on all of his phones.

16. The representative stated nothing can be done without the wife's permission. The Plaintiff thanked the representative and the call was concluded.

17. After the conclusion of the call and the request for the calls and texts to stop the Defendant continued to call and text the Plaintiff. Since the start of the calls and texts to Plaintiff there have been at least 18 texts and 275 calls between the dates of July 12th 2106 and December 10th 2016 placed to the Plaintiff's cell phones as well aa atvleast 4 emails sent between the dates of August 2nd 2016 and August 4th 2016.

**FIRST CAUSE OF ACTION**
*(Violations of the TCPA)*

18. Plaintiff repeats, reiterates and incorporates the allegations contained in paragraphs numbered "1" through "17" herein with the same force and effect as if the same were set forth at length herein.

19. According to the Telephone Consumer Protection Act 47 USC §227(b)(A)(iii), "It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States (A) to make any call (other than a call made for emergency purposes or made with the prior consent of the called party) using any automatic telephone dialing system or an artificial or pre-recorded voice--- (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States."

20. It has been determined that the statute language adding "or" any service for which the called party is charged, is not accurately interpreted to require that Plaintiff must claim that Defendant's calls incurred charges.

See <u>Breslow c. Wells Fargo Bank, N.A.</u> 857 F. Supp 2d 1316, 1319 (S.D. Fla. 2012) and <u>Cavero v. Franklin Collection Serv., Inc.</u>, 2012 WL 279448 (S.D. Fla. 2012). A number of Courts have addressed the issue of a Plaintiff being charged with all agreeing that the TCPA does not require a Plaintiff who received calls on his/her *cell phone* to allege that he/she was charged for the call. For example, <u>Manno v.Healthcare Revenue Recovery Grp., LLC</u>, 289 F.R.D. 674 (S.D. Fla. 2013), the Court held that "The TCPA does not require the plaintiff to be `charged for' the calls in order to have standing to sue."

In <u>Osorio v. State Farm Bank, F.S.B.</u>, 746 F.3d 1242 (11th Cir. 2014), the Court stated: If the phrase `any service for which the called party is charged for the call' requires that the party be charged per call for the `paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service' in order for the party to prohibit autodialed calls, then the listing of these services would be superfluous because they are already included under them 'any service for which the called party is charged.' On the other hand, reading `any service for which the called party is charged for the call' as an additional item beyond any call to a `paging service, cellular telephone service, specialized mobile radio service, or other common carrier

service,' regardless of whether the called party is charged, gives independent meaning to each term."

21. It is thus clear from the plain language of the TCPA, and its considerable body of resultant case law that the TCPA is violated when a cellular telephone is called with an automatic dialer without consent, even if no charges are alleged or incurred.

22. With the autodialed calls to Plaintiff's telephone commencing on or about July 12th 2016 and continuing at a rate of approximately (275) times thereafter, the Defendant violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

23. The Defendant, having been informed that Plaintiff requested that no further calls be received, willfully violated the TCPA at least (275) times.

24. Pursuant to the TCPA Omnibus Declaratory Ruling and Order, July 2015, paragraphs 138 and 139, communications from banking institutions which are exempt "…are all intended to address exigent circumstances in which a quick, timely communication with a consumer could prevent considerable consumer harms from occurring or, in the case of the remediation calls,

could help quickly mitigate the extent of harm that will occur." Pursuant to Paragraph 139, (3) and (7) "In light of these considerations,

we adopt the following conditions for each exempted call (voice call or text message) made by a financial institution:

3) voice calls and text messages are strictly limited to purposes discussed in paras. 129-137 above and must not include any

telemarketing, cross-marketing, solicitation, debt collection, or advertising content;

7) a financial institution must honor opt-out requests immediately."

25. Defendant is in violation of the TCPA paragraphs 139 (3) for, upon information and belief, having used their calls

for debt collection and (7), failing to honor Plaintiffs' desire to opt out of telephone communications despite Plaintiff's clear,

unequivocal and repeated requests that such automatic calls cease.

26. Defendants violated various provisions of the TCPA, including but not limited to 47 USC §227(b)(A)(iii).

## DEMAND FOR TRIAL BY JURY

27. Plaintiff hereby respectfully requests a trial by jury for all claims and issues in its Complaint to which it is or may

be entitled to a jury trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment from the Defendant as follows:

      A.    For trebled damages to be awarded to the Plaintiff in accordance with the TCPA, for each of the Defendant's willful or knowing violations of the TCPA.

      B.    A declaration that the Defendant's practices violated the TCPA;

      C.    For any such other and further relief, as well as further costs, expenses and disbursements of this action,

as this Court may deem just and proper.

Dated:    April 13, 2017

Respectfully submitted,

*[signature]*

EDWARD B. GELLER, ESQ.
EDWARD B. GELLER, ESQ., P.C., OF COUNSEL

TO

M. HARVEY REPHEN & ASSOCIATES, P.C.
15 LANDING WAY
BRONX, NEW YORK  10464
TEL:(914)473-6783

*Attorney for the Plaintiffs',*
OSHER ROTKIN

To: AMERICAN EXPRESS
    WORLD FINANCIAL CENTER
    NEWYORK, NY 10285

*(Via Prescribed Service)*

Clerk of the Court,
United States District Court, District of New Jersey
Clarkson S. Fisher Building & U.S. Courthouse
402 East State Street Room 2020
Trenton, New Jersey 08608

*(Via Electronic Court Filing)*